**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**December 6, 2019**

# In the Court of Appeals of Georgia

A19A2335. WHITE v. GEORGIA DEPARTMENT OF HUMAN
SERVICES.

MCFADDEN, Chief Judge.

We granted C. W.'s application for discretionary review of a superior court order that reinstated the decision of the Division of Family and Children Services of the Department of Human Services ("DFCS") to include C. W.'s name on the central child abuse registry for prenatal abuse because of her use of marijuana while pregnant. See OCGA §§ 49-5-180 (5) (2018), 49-5-181 (a) (2018). C. W. argues that under the language of the governing statutes, marijuana is not a "controlled substance," and so a mother's use of marijuana during pregnancy does not amount to prenatal abuse.

To its credit, DFCS concedes that C. W. is correct. We agree, so we reverse.

The central child abuse registry, which is also known as the Child Protective Services Information System,

> is a statutory system that provides for the establishment and maintenance of a central registry containing information about "substantiated" cases of child abuse. See OCGA §§ 49-5-180 - 49-5-187. The Act [establishing the registry] requires that DFCS investigate reports of child abuse and, if the abuse investigator finds by a preponderance of the evidence that an act of child abuse occurred, information must be added to the registry about the abuse, the abuser, the child victim, and the child's guardian. See OCGA §§ 49-5-182, 49-5-183. . . .

> OCGA § 49-5-183 requires that DFCS must notify an alleged abuser when his or her name is added to the registry. See OCGA § 49-5-183 (a). The alleged abuser may then request an evidentiary hearing before an administrative law judge ("ALJ") by submitting a written request for a hearing to DFCS within ten days after receiving the notice. See OCGA § 49-5-183 (a) and (c). . . . The ALJ makes the final "administrative determination regarding whether, based on a preponderance of evidence, there was child abuse committed by the alleged child abuser to justify the investigator's determination of a substantiated case." OCGA § 49-5-183 (d). If not, the ALJ must order the alleged abuser's name removed from the registry. OCGA § 49-5-183 (e).

*Ga. Dept. of Human Svcs. v. Steiner*, 303 Ga. 890, 890-891 (I) (815 SE2d 883) (2018).

DFCS placed C. W.'s name on the child abuse registry based on its determination that she had committed child abuse by unlawfully using a controlled substance while she was pregnant. The child abuse investigator stated in the Notice of Inclusion mailed to C. W. that C. W. was "substantiated for child endangerment as a result of prenatal abuse. [C. W.] exposed [her daughter,] B. W.[,] (newborn) to chronic abuse of a controlled substance, specifically marijuana. At the time of B. W.'s birth . . . THC [(the common abbreviation for tetrahydrocannabinol)] was positive in B. W.'s meconium." The investigator testified that C. W. had told him that, at the suggestion of a doctor and a midwife, she had used marijuana to help alleviate nausea and vomiting.

C. W. petitioned for a hearing under OCGA § 49-5-183 (c) to challenge the inclusion of her name on the child abuse registry. An administrative law judge ordered DFCS to remove C. W.'s name because under the plain language of the statutes at issue, marijuana is not a controlled substance, so a mother's use of marijuana while pregnant does not amount to prenatal abuse.

3

DFCS appealed the administrative law judge's decision to the superior court. The superior court reversed because THC, the substance identified in the infant's meconium, is a controlled substance under OCGA § 16-13-21 (4). C. W. then filed her application for discretionary appeal.

The Act establishing the child abuse registry provides that child abuse includes "endangering a child," which can include "prenatal abuse" as defined in OCGA § 15-11-2. OCGA §§ 19-7-5 (b) (4) (C) & (b) (6.1) (D); 49-5-180 (4). OCGA § 15-11-2 defines "prenatal abuse" as:

> exposure to chronic or severe use of alcohol or the unlawful use of any controlled substance, as such term is defined in Code Section 16-13-21, which results in: (A) Symptoms of withdrawal in a newborn or the presence of a controlled substance or a metabolite thereof in a newborn's body, blood, urine, or meconium that is not the result of medical treatment; or (B) Medically diagnosed and harmful effects in a newborn's physical appearance or functioning.

OCGA § 15-11-2 (56). So as relevant here, prenatal abuse that amounts to endangering a child requires proof that, among other things, a pregnant woman used a controlled substance as defined in OCGA § 16-13-21.

OCGA § 16-13-21 defines "controlled substance" as "a drug, substance, or immediate precursor in Schedules I through V of Code Sections 16-13-25 through

4

16-13-29 and Schedules I through V of 21 CFR Part 1308." OCGA § 16-13-21 (4). Thus, under the plain language of the statute — as C. W. argues, the administrative law judge found, and DFCS concedes — a drug is a "controlled substance" as defined in OCGA § 16-13-21 only if it is listed as such in both Georgia *and* federal schedules. Federal Schedule I includes marijuana, see 21 USC § 812 Sch. I (c) (10); 21 CFR § 1308.11 (d) (23), but Georgia's schedules do not. See OCGA §§ 16-13-25 through 16-13-29. Since marijuana is not a controlled substance as defined by OCGA § 16-13-21, a mother's use of marijuana while pregnant does not amount to prenatal abuse.

The superior court ruled that because THC was present in C. W.'s urine and B. W.'s meconium and there was evidence that C. W. consumed marijuana while pregnant, C. W. exposed B. W. to a controlled substance, THC (which is listed on both Georgia and federal schedules. See OCGA § 16-13-25 (3) (P); 21 USC § 812 Sch. I (c) (17); 21 CFR § 1308.11 (d) (31)). But, as DFCS concedes, our law distinguishes marijuana from THC. See, e.g., OCGA § 16-13-21 (16) ("'Marijuana' means all parts of the plant of the genus Cannabis . . . ."); OCGA § 16-13-30 (a), (j) (separately addressing "any controlled substance" and "marijuana"). So there was no evidence on which the superior court could have based that finding. There was no

evidence that C. W. used any drug other than marijuana, such as synthetic THC, that could have resulted in the presence of THC in B. W.'s meconium, and, as detailed above, the evidence that C. W. used marijuana is not sufficient to substantiate "prenatal abuse" under the applicable statutes.

For these reasons, the superior court erred by reinstating the decision of DFCS to include C. W.'s name on the central child abuse registry, and we reverse. We do not reach C. W.'s other claims of error.

*Judgment reversed. McMillian, P.J., and Senior Appellate Judge Herbert E. Phipps concur.*